FILED

Vicki Corona
General Delivery
Van Nuys, California {91409}
dancefantasyproductions@yahoo.com
Self-Litigant
4804 Laurel Cyn 125
Studio City CA 91607

2017 APR 18 AM 11: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COUR
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vicki Corona<br>Plaintiff,<br>vs.<br>CITY OF LOS ANGELES, Eric Garcetti, Does 1 through 10, Inclusive,<br>Defendants. | CV 17 -02913 VBF(KK)<br>Case No.<br>Deprivation of Rights Unalienable Under Color of Law and Color of Process, Discrimination, Fraud, Extortion, Civil Rights Violations, Common Law Torts Claim, and Points and Authorities in Support Thereof |

This is an action for injunctive relief and damages Claimant alleges were caused by Defendants' wrongful, discriminatory Ordinance # 184590. Without lawful justification, Defendants have violated Claimant's Civil Rights pursuant to 42 USC § 1983, and deprived her of unalienable rights per Title 18 USC §§ 242, 241. At issue is the issuance and implementation of the unconstitutional policies within the subject Ordinance which deliberately wages war against the homeless through widespread deceit, fraud, misconduct, extortion, and misrepresentations of the Supreme Law of the Land by Defendants, and each of them Unless restrained by this Court, Defendants will continue to implement these unlawful policies and practices to the extreme detriment of a specific class of People.

Norton v. Shelby County 118 USR 425: "An unconstitutional act is not law. It confers no rights, it imposes no duties, it affords no protections, and it creates no office. It is in legal contemplation as inoperative as though it had never been passed . . . . The court follows the decision of the highest Court of the State, in construing the Constitution and the laws of the State

unless they conflict with or impair the efficacy of some principle of the Federal Constitution or of the Federal Statutes or rule of the commercial or general law. The decision of the State Courts in questions relating to the existence of its subordinate tribunals . . . and the passage of its laws are conclusive upon Federal Courts."

**Jurisdiction**

Jurisdiction exists pursuant to 28 USC § 1331 and 1343 based on 42 USC § 1983 and questions of Federal Constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 USC §§ 2201(a) and-2202. Claimant first filed a Claim against Defendants with the Los Angeles City Clerk which was rejected, hence this Claim in Federal Court.

**Venue**

Venue is proper in the Central District in that the events and conduct complained of herein all occurred in The City and County of Los Angeles.

**Parties**

Claimant, Vicki Corona, is one of the People of the CITY OF LOS ANGELES (hereinafter "CITY"),, Republic of California, impacted by the invalid, bigoted Ordinance # 184590 (hereinafter "Ordinance") enacted by Defendants, and by the unlawful tactics of the agents, employees, and servants of the CITY, who continually threaten, harass, and discriminate against Claimant because she chooses to exercise her liberties and freedoms. Claimant brings this action for herself alone and no others similarly situated.

Defendant CITY is a municipal corporation organized and existing under the laws of the STATE OF CALIFORNIA and is also an artificial "person" within the meaning of 42 USC §1983 with the capacity to sue and be sued.

Defendant Eric Garcetti ("Garcetti") is the Mayor of the CITY and has enacted and is pursuing policies that discriminate against a precise class of People on the basis of their poverty in violation of Title VII 703(a) of the Civil Rights Act of 1964, as amended, 42 U.S.C. ï½§ 2000e-2(a), among other ways, and is being sued herein in his personal and official capacities.

The true names, identities, and capacities of Doe Defendants are presently unknown to Claimant, and on this basis, Claimant sues said Does by such factitious names and will amend this Claim when their true names and capacities are ascertained.

Defendants, and each of them, are engaged in attempting to enforce discriminatory, strategies against Claimant, and others, as set out below, and acted in concert with each other to personally participate in the unlawful conduct challenged herein and, to the extent that they did not personally participate, they authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts that resulted in the harm suffered by Claimant.

**Statement of Facts**

1. Garcetti framed, established, and on or about January 2017, executed the subject Ordinance, then tasked LAPD officers to present a one-page excerpt of said Ordinance (Exhibit "A" to establish this Claim) to several of those People living in their conveyances. The excerpt targets a specific group of vulnerable people, forbidding them to park within 500 feet of a park, school, or daycare center at all times, as well as residential streets between 9 pm and 8 am. According to the hand-out sheet said Ordinance was to be effective as of January 8, 2017, with an enforcement date of "early February", sun-downing in 2018.

2. Additionally, Claimant and other targeted People were promised safe, parking spots, yet no such designated lots or spaces exist. As a result, decent, law-abiding People are being criminalized, bullied, discriminated against, harassed, displaced, threatened, and thrown into isolated, obscure, unfamiliar, outlying areas of the CITY without thought of the suffering they are forced to endure. This interference with the Civil Rights of Angelenos puts single females, such as Claimant, into unimaginable danger and severely limits or denies her access to places essential to her work and well-being, and to parks where Claimant's pets should be allowed to run and play to stay healthy.

3. Claimant is aware of the issues involving the mentally ill and criminal elements living in their cars, all of whom should be incarcerated or institutionalized, however, the majority of the targeted group were once homeowners, business owners, military heroes, and active participants in the building and maintenance of the very parks, schools, and streets Garcetti now denies them. Through a variety of unfortunate circumstances, and the national economic down-turn during the last few years, this group had no choice but to make their car their home and was already subject to significant peril when they were able to park in safer, populated areas. This Ordinance, an obscenely irrational, immoral, unconstitutional policy, intentionally and unjustly tries to direct where and when Claimant, and others, may travel or park which exposes them to

increased hardships, terror, and potential violence.

4. Los Angeles may have the largest homeless population in the nation. The City Council itself has declared a "homeless crisis", "state of emergency", "unprecedented", as wages stagnate, more houses foreclose, businesses leave the CITY, rents increase, and affordable housing is almost non-existent, the number of homeless continues to grow. The need to respond to this increasing population is essential, yet Garcetti's only reaction is to criminalize and banish the homeless from sight by shoving them into desolate corners of the CITY to make their presence less visible. Moreover, Garcetti seems to ignore the real issues of over-regulation, over-taxation, sanctuary for illegals, etc., yet those who have invested in the CITY for decades have no consideration or sanctuary. These practices have been repeatedly challenged and struck down by the Courts over and over again.

5. Previously, under LAMC § 85.02, it was a crime to park or stand a car on any public property in the CITY if someone "lived" in their car "day to day, overnight or otherwise." Citing the 1972 Jacksonville case, the 9th Circuit Court of Appeal struck it down in 2014 as unconstitutionally vague because it promotes arbitrary and discriminatory enforcement against homeless people and the poor. Desertrain v. City of Los Angeles, 754 F.3d 1147 (9th Cir. 2014). The subject Ordinance herein is the same enforcement of an unconstitutional act.

6. According to a 2015 analysis by the CITY's Chief Administrative Officer, 90% of the financial resources allocated to help the homeless were spent to enforce Ordinances against them, such as LAMC § 41.18(d). Garcetti's Ordinance fails to affirmatively show, upon its face, his lawful authority to novate, discriminate, violate, disparage, isolate, or trespass upon Claimant and others living in their cars. Many previous CITY Ordinances/Codes against the homeless have been dispensed with by the Courts, however, the assault not only lingers, but increases.

7. Claimant alleges that Defendants have discriminated against her and violated a plethora of laws intended to protect her based on the following grounds:

**First Cause of Action**

. **Deprivation of Unalienable Rights under Color of Law and Color of Process**

[Title 18 USC §§ 242, 241]

8. Claimant alleges Garcetti has wrongfully usurped Claimant's rights and those of untold others who live in their automobiles. Claimant is threatened with tickets, searches, fines, confiscation of goods, towing, and more, simply because she is poor. By creating this Ordinance,

Garcetti has violated and breached the peace and safety of the People, invaded Claimant's privacy, and trespassed against her and others.

9. The Ordinance allows government employees to peer through car windows to determine if someone is living therein, and may presume the car is someone's home if the windows are obscured in any way. Many who do not live in their cars also carry blankets, pillows, etc. 'B2' of the Ordinance is entirely over-broad, burdensome, unintelligible, ridiculous, and Claimant is informed and believes that Defendants' actions were done with the intent to deprive and strip Claimant of her Constitutional right to be secure in her property, and that, at minimum, Defendants are deliberately indifferent to the likely consequences of their discrimination and civil rights violations, based on past circumstances of similar Constitutional and statutory violations of the law.

. 10. Defendants, their employees and agents, owe Claimant a duty under the due process clauses of the Fifth and Fourteenth Amendments to the US Constitution and Article I, §7 of the California Constitution to protect the personal property (car) of Claimant. Also, 167 Am. Jur. 2d, Constitutional Law, § 369. "Whenever the operation and effect of any general regulation is to extinguish or destroy that which by law of the land is the property of any person, so far as it has that effect, it is unconstitutional and void. Thus, a law is considered as being a deprivation of property within the meaning of this constitutional guaranty if it deprives an owner of one of its essential attributes, destroys its value, restricts or interrupts its common, necessary, or profitable use, hampers the owner in the application of it to the purposes of trade, or imposes conditions upon the right to hold or use it and thereby seriously impairs its value."

11. 42 USC § 1983 (Civil action for deprivation of rights) : "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress"

12. 4th Amendment, Constitution of the United States of America 1789 (rev. 1992): "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon

probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized".

13. 5th Amendment, Constitution of the United States of America 1789: ". . . nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

14. CA Constitution, Article 1, Declaration of Rights § 7 (a): "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws; provided, that nothing contained herein or elsewhere in this Constitution imposes upon the State of California or any public entity, board, or official any obligations or responsibilities which exceed those imposed by the Equal Protection Clause of the 14th Amendment to the United States Constitution . . . . ."

15. Additionally, Defendants have denied Claimant her freedom to travel and park without licensing, registration, etc. Defendants, as well as the State of California, are in conflict with the Supreme Law in this regard. Shapiro v Thomson, 394 US 618 April 21, 1969: "the right to travel by private conveyance for private purposes upon the common way cannot be infringed. No license or permission is required for travel when such travel is not for the purpose of profit or gain . . . "

16. Payne v. Massey 196 SW 2nd 493, 145 Tex 273. "The court makes it clear that a license relates to qualifications to engage in profession, business, trade or calling; thus, when merely traveling without compensation or profit, outside of business enterprise or adventure with the corporate state, no license is required of the natural individual traveling for personal business, pleasure and transportation."

17. People v. Battle, 198 Cal.App.4th 50 (2011), 129 Cal. Rptr. 3d 828: "Persons faced with an unconstitutional licensing law which purports to require a license as a prerequisite to exercise of right… may ignore the law and engage with impunity in exercise of such right."

18. The Ordinance also fails to disclose any legal connection between Claimant and Defendants' enforcement agencies because the Ordinance is incomplete, discriminatory, defective, unConstitutional, and nugatory upon its face due to insufficient Law. USC, Article Six, Clause 2: "This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the

United States, shall be the supreme Law of the Land; and Judges in every State shall be bound thereby, any thing in the Constitution or Laws of any State to the contrary notwithstanding." No authority exists, or can be delegated, which allows a Judge or a Mayor to act above the law or to commit lawless acts against the General Laws in this State with impunity. Therefore, said Ordinance is a disturbance of the public peace, a public nuisance, void ab initio, and a trespass upon Claimant and other Americans living in their cars.

19. Thompson v Smith, 154 SE 579, 11: "The right of a citizen to travel upon the public highways and to transport his property thereon, by horse drawn carriage, wagon, or automobile, is not a mere privilege which may be permitted or prohibited at will, but a common right which he has under his right to life, liberty and the pursuit of happiness. Under this constitutional guaranty one may, therefore, under normal conditions, travel at his inclination along the public highways or in public places, and while conducting himself in an orderly and decent manner, neither interfering with nor disturbing another's rights, he will be protected, not only in his person, but in his safe conduct."

20. Miller v. U.S., F.2d 486, 489: "The claim and exercise of a Constitutional right cannot be converted into a crime"; Chicago Coach Co. v. City of Chicago, 337 Ill. 200, 169 N.E. 22: "Traffic infractions are not a crime," yet Garcetti employs LAPD officers to enforce this unconscionable Ordinance. Bennett v. Boggs, 1 Baldw 60: "Statutes that violate the plain and obvious principles of common right and common reason are null and void." A legal right, a Constitutional right, is a right protected by the law, by the Constitution. Government does not create the idea of a right or original rights; it acknowledges them.

21. As a direct and proximate consequence of the acts and the failures of Garcetti to take adequate, let alone any, steps to address the most fundamental need of all homeless People for a safe environment, Claimant has suffered and continues to suffer the loss of her Constitutional freedoms and liberties and is entitled to compensatory damages for actual and potential injuries to her health and safety.

**Second Cause of Action**
**Fraud**

22. Claimant realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

23. California is rife with bogus traffic and car regulation 'laws', all of which do not

pertain to Claimant or to the majority of those living in their cars (as well as those that do not). Garcetti's excerpt of the subject Ordinance at 'B4' states: "Vehicle means any motor vehicle, trailer, *and house car* or trailer coach as defined by the California *Vehicle* Code". This alone exempts Claimant from the Ordinance as "house cars" are *not* motor vehicles, rather sovereign cars, household goods, private property, and consumer goods exempt from DMV adhesion contracts and DMV jurisdiction.

24. Federal law, 18 USC § 31, defines the term "motor vehicle" as every description of carriage or other contrivance propelled or drawn by mechanical power and used for *commercial purposes* on the highways in the transportation of passengers, property, or cargo for any *fare, fee, rate, charge or other consideration, or directly or indirectly in connection with any business, or other undertaking intended for profit.*" Claimant's car is not a "motor vehicle" as it is not for hire. The very name "Department of *Motor Vehicles*" exempts Claimant from DMV's various edicts, statutes, and ordinances, and also exempts her from Garcetti's Ordinance.

25. In RE Barnes, United States District Court, D Maine, 9/15/72, Bankruptcy No. BK 72-129ND, No. EK 72-13OND. Automobiles for transportation to and from work are *consumer goods*. "The use of a vehicle by its owner for purposes of traveling to and from his employment is a personal, as opposed to a business use, as that term is used in UCC § 9-109(l), and the vehicle will be classified as consumer goods rather than equipment."

26. According to California Vehicle Code §260 (a): A "commercial vehicle" is a "motor vehicle" of a type required to be registered under this code if it is used or maintained for the transportation of persons *for hire, compensation, or profit* . . . (b) Passenger vehicles and *house cars* that are not used for the transportation of persons for hire, compensation, or profit are not commercial vehicles.

27. "The state citizen is immune from any and all government attacks and procedure, absent contract," Dred Scott vs. Sanford, 60 U.S. (19 How.) 393, or as the Supreme Court has clearly stated: "…every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellowmen without his consent." Cruden v Neale, 2 N.C. 338 2 S.E. 70. Claimant does not consent to Defendants' attacks on her liberties.

28. Caneisha Mills v. D.C. 2009: "The use of the automobile as a necessary adjunct to the earning of a livelihood in modern life requires us in the interest of realism to conclude that

the right to use an automobile on the public highways partakes of the nature of a liberty within the meaning of the Constitutional guarantees . . . . "

29. All Americans have a right to travel without State permits. Any and all registration contracts in this regard are null, void ab initio, and unenforceable on the grounds of constructive fraud and Constitutional and Supreme Court rulings and law. In fact, the right to travel without interference from private or government agencies is so fundamental that it appears in the Articles of Confederation which governed our nation previous to the Constitution.

30. Private automobiles are not required by law to be recorded. Any such recording (pledge) of one's automobile to any agency is strictly voluntary. Claimant never knowingly, willfully, intentionally, or of her own informed consent, waived her Constitutional rights. Any previous registration contracts concerning Claimant's conveyance were presented to her as an obligation of law when, in fact, they were contracts. All contracts must be voluntary; otherwise they are void for fraud and duress. Years ago, via Claimant's formal Affidavit of Withdrawal of Consent served on DMV, Claimant revoked, canceled, rescinded, renounced, and forever rendered void all past registrations and consents of her car under the liberties, immunities, and rights guaranteed to her under the Great Charters of these united states, which ensure our freedom and warn against tyrannical government.

31. Declaration of Independence. The unanimous Declaration in Congress, July 4, 1776: "We hold these truths to be self-evident, that *all men are created equal, that they are endowed by their Creator with certain unalienable Rights*, *that among these are Life, Liberty and the pursuit of Happiness.* — That to secure these rights, Governments are instituted among Men, *deriving their just powers from the consent of the governed*, — That whenever any Form of Government becomes destructive of these ends, it is the Right of the People to alter or to abolish it, and to institute new Government, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect their Safety and Happiness. Prudence, indeed, will dictate that Governments long established should not be changed for light and transient causes . . . " Claimant does not consent.

32. American Jurisprudence, Constitutional Law, § 329, p.1135 "The right of the Citizen to travel upon the public highways and to transport his property thereon, in the ordinary course of life and business, is a common right which he has under the right to enjoy life and

liberty, to acquire and possess property, and to pursue happiness and safety. It includes the right, in so doing, to use the ordinary and usual conveyances of the day, and under the existing modes of travel, includes the right to drive a horse drawn carriage or wagon thereon or to operate an automobile thereon, for the usual and ordinary purpose of life and business"

33. Teche Lines vs. Danforth, Miss, 12 S.2d 784: "… the right of the citizen to drive on a public street with freedom from police interference… is a fundamental constitutional right." Also White, 97 Cal.App.3d.141, 158 Cal.Rptr. 562, 566-67 (1979) "

34. Garcetti and other judicial officials should remember that our system of law dictates that there is only one way to remove a right belonging to the People. That is by one knowingly waiving a particular right. Many millions of people have waived their right to travel unrestricted and opted into the jurisdiction of the state. Those who have knowingly given up these rights are legally regulated by State statutes, etc. Claimant is not waiving any of her rights.

## Third Cause of Action
## Extortion

35. Claimant realleges and incorporates all allegations in the preceding paragraphs as though fully set forth herein.

36. Bouvier's Law Dictionary defines extortion as a crime signifying any oppression, under color of right: but in a more strict sense it means the unlawful taking by any officer, by color of his office, of any money or thing of value that is not due to him. 4 Bl. Com. 141; 1 Hawk. P. C. c. 68, s. 1; 1 Russ. Cr. *144.

37. Claimant alleges that Defendants' Ordinance meets the elements of extortion in that the Ordinance threatens fines and force for an infraction. Claimant has been threatened with arrest and towing if she dares exercise her liberty to park on public streets peacefully and quietly, with full respect for the posted signs. Defendants knew, or should have known, that "infractions" are not crimes and are not arrestable offenses regardless of what is stated in Penal Code § 16. Two California Appellate cases, People v Battle (1975) and People v Sava (1987) have the same ruling language which, in summary, states that the legislature never intended to turn infractions into crimes.

38. The State, of course, receives a huge portion of its revenue from traffic citations, registrations, licensing, et al; however that does not allow government officials to thwart the law. Shuttlesworth v. Birmingham, 373 US 262, (1969): If the state converts a liberty into a privilege

and issues a license and fee for it, the citizen can engage in their rights with impunity."

39. Mudook v. Penn. 319 US 105(1943): "No state shall convert a liberty into a privilege, license it, and attach a fee to it." "A state may not impose a charge for the enjoyment of a right granted by the Federal Constitution . . . a flat license tax here involves restraints in advance of the Constitutional liberties of Press and Religion and inevitably tends to suppress their existence."

40. The Federal statute at 18 USC 1961 recognizes all RICO predicate acts among which are extortion and obstruction of justice. The Supremacy Clause in the U.S. Constitution elevates all RICO statutes to the status of supreme law, and resolves any conflicts with State laws in favor of the RICO statutes. Congress intended the RICO statutes to be liberally construed, 84 Stat.947, § 904. Oct. 15, 1970. Whenever conflicts occur, State laws and State Constitutional provisions have no standing.

**Fourth Cause of Action**
**Defendants' Violation of Municipal Code**

41. Claimant realleges and incorporates herein each and every allegation in the preceding paragraphs as though fully set forth hereat.

42. Inasmuch as it would be humanly impossible to personally serve Notice of the Ordinance excerpt to tens of thousands of the targeted group, most living in their cars depend on signs to apprise them of parking limitations. No signage is posted to alert those who were not personally served. Per Los Angeles Municipal Code § 80.10 – "Signs required": "No provision of this chapter for which signs or markings are required shall be enforced against an alleged violator if, at the time and place of the alleged violation, an official sign or marking is not in place and sufficiently legible and visible to be seen by an ordinary observant person".

43. Further, LAMC § 80.07 requires that any type of traffic or parking control devices or signs be installed to give effective notice to the public of the application of such Ordinance in order to inform, regulate, warn, and guide the public. Thus, with a single stroke of his pen, Garcetti is in violation of Los Angeles Municipal Codes, and without signs that read: "Everyone can park here *except* those People living in their conveyances", the Ordinance is essentially meaningless, unenforceable and, without authority, imposes discriminatory regulations against a specific class of People. This is overtly counter to public morals, being in the nature of a *praemunire* which is outlawed by the general customs and laws in this State and, is in violation of the California

Constitution and the *lex non scripta*, which is the *jus pubicum* in this state.

44. Garcetti has wrongfully involved police to enforce his Ordinance. Police activities deal with crime, not civil matters. Absent a Constitutionally sound reason for limiting Claimant's access to many areas of the CITY, Garcetti is overstepping the authority granted his office. Shapiro v Thomson, 394 US 618 April 21, 1969, the right to travel by private conveyance for private purposes upon the common way can not be infringed. No license or permission is required for travel when such travel is not for the purpose of profit or gain on the open highways operating under license in commerce.

45. Simeone v. Lindsay, 65 Atl. 778, 779 and Hannigan v. Wright, 63 Atl. 234, 236. "The right of the citizen to drive on the public street with freedom from police interference, unless he is engaged in suspicious conduct associated in some manner with criminality is a fundamental Constitutional right which must be protected by the courts."

46. Berberian v. Lussier (1958) 139 A2d 869, 872, also: Schecter v. Killingsworth, 380 P.2d 136, 140; 93 Ariz. 273 (1963). "The right to operate an automobile upon the public streets and highways is not a mere privilege. It is a right of liberty, the enjoyment of which is protected by the guarantees of the Federal and State Constitutions."

**Injunctive Relief**

47. CA Civil Code 52.1 (a): In an action for injunctive and other equitable relief to protect the exercise or enjoyment of legal rights, if a person, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere, with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States, or laws of this State, the Attorney General .... may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured, and may also seek a civil penalty of twenty-five thousand dollars ($25,000). If this civil penalty is requested, it shall.be assessed individually against each person who is determined to have violated this section.

48. Claimant possesses 100% absolute and complete ownership of her conveyance -- personal property, not for hire, not subject to government interference, not required to be registered. This Claim is in support of (1) the unalienable right to travel and park by non-

commercial, private automobiles on any public road, highway, alley, or street in these united states, and (2) to be exempt from unconstitutional State and local statutes and Ordinances.

49. A real and immediate controversy exists between Claimant and Defendants regarding Defendants' duty to protect Claimant, Claimant's private property, and Claimant's inalienable rights. Claimant has no other alternative but to seek redress in this Court to remedy the wrongs described herein. If Defendants are allowed to continue to violate well-established Constitutional rights, discriminate, disparage, criminalize, and deprive Claimant of her liberties, these policies and practices will escalate and result in irreparable injury to Claimant and the entire homeless community in Los Angeles.

50. As a direct and proximate consequence of the acts of Defendants herein, Claimant is at immediate risk of serious danger and has suffered and will continue to suffer damages through injury to her person, her pets, her finances, her health, her safety, and the personal possessions essential to her well-being. Pecuniary compensation cannot adequately compensate Claimant for the deprivation of her freedoms, liberties, and her anguish.

Wherefore, Claimant prays as follows:

a. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of herein against Claimant;

b. For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Claimant's rights under the United States and California Constitutions and the laws of California;

c. For an Order for Issuance of an exemption card, sticker, or placard to notify police officers of Claimant's right to travel and park in an orderly, respectful manner on public streets;

d. $500,000 for punitive damages in the deprivation of Claimant's liberties;

e. Damages for intentional infliction of emotional distress, financial losses, and pain and suffering per the Civil Rights Act in an amount to be determined according to proof; and

f. For costs of suit as provided by law.

Dated: 2nd day of April 2017

Respectfully Submitted,

Vicki Corona, Claimant

ORDINANCE NO 184590

**SEC. 85.02. REGULATING THE USE OF VEHICLES FOR DWELLING.**

**A. Use of Vehicles for Dwelling Restricted on City Streets.** No person shall use a Vehicle for Dwelling as follows:

1. Between the hours of 9:00 P.M. and 6:00 A.M. on any Residential Street; or

2. At any time within a one Block radius of any edge of a lot containing a park or a licensed school, pre-school or daycare facility.

Nothing herein precludes the enforcement of any other laws such as parking restrictions, including, but not limited to, prohibitions on overnight parking.

**B. Definitions:** As used in this section:

1. **Block** is defined as 500 feet.

2. **Dwelling** means more than one of the following activities and when it reasonably appears, in light of all the circumstances, that a person is using a vehicle as a place of residence or accommodation:

Possessing inside or on a vehicle items that are not associated with ordinary vehicle use, such as a sleeping bag, bedroll, blanket, sheet, pillow, kitchen utensils, cookware, cooking equipment, bodily fluids. Obscuring some or all of the vehicle's windows. Preparing or cooking meals inside or on a vehicle. Sleeping inside a vehicle.

3. **Residential Street** means any street which adjoins one or more single family or multi-family residentially zoned parcel.

4. **Vehicle** means any motor vehicle, trailer, house car or trailer coach as defined by the California Vehicle Code.

**C. Penalty.** A first violation of this section shall be punishable as an infraction not to exceed $25. A second violation of this section shall be punishable as an infraction not to exceed $50 and all subsequent violations of this section shall punishable as an infraction not to exceed $75. Violators may be eligible for referral to a prosecutorial-led diversion program such as the Homeless Engagement and Response Team (HEART).

**D. Sunset Provisions.** The provisions of this section shall expire and be deemed to have been repealed on July 1, 2018, unless ... ordinance

**E. Severability.** If any portion, subsection, s... this section is for any reason held by a court of compete...

Cell (818) 634-0973
JOHN CATALANO
SENIOR LEAD OFFICER
Los Angeles Police Department
NORTH HOLLYWOOD DIVISION
11640 BURBANK BLVD., NORTH HOLLYWOOD, CA 91601
Office: (818) 755-7679 • email: 32740@lapd.lacity.org
www.epolicing.com



EFFECTIVE JAN 8. 2017

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Vicki Corona<br>*Plaintiff(s)*<br>v.<br>City of Los Angeles, Eric Garcetti, Does 1-10, Inclusive<br>*Defendant(s)* | ) | Civil Action No. CV 17-02913 VBF (KK) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Mayor Eric Garcetti, 200 N. Spring St., Los Angeles, CA 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Vicki Corona
4804 Laurel Canyon, #, 125, Studio City, CA 91607

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Vicki Corona<br><br>*Plaintiff(s)*<br>v.<br>City of Los Angeles, Eric Garcetti, Does 1-10, Inclusive<br><br>*Defendant(s)* | ) | Civil Action No. CV17-02913 VBF (KK) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* CITY OF LOS ANGELES
City Clerk. 200 N. Spring Street City Hall - Room 360, Los Angeles, CA 90012 .

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Vicki Corona
4804 Laurel Canyon, #, 125, Studio City, CA 91607

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*