UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI CORONA,<br><br>                Plaintiff,<br><br>      v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>                Defendants. | Case No. CV 17-2913-VBF (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Vicki Corona ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging defendants City of Los Angeles, Eric Garcetti, and Does 1 through 10 ("Defendants") violated her Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff also raises state law claims, as well as violations of Sections 80.07 and 80.10 of the Los Angeles Municipal Code.[1] As discussed below, the Court dismisses the Complaint with leave to amend.

---

[1] While the Court has the authority to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, it must first have original jurisdiction over related federal claims. As discussed below, Plaintiff has failed to state any federal law claims. Thus, the Court declines to address the remaining state law claims at this time.

## II.
## ALLEGATIONS IN THE COMPLAINT

On April 18, 2017, Plaintiff filed a Complaint pursuant to Section 1983 against Defendants. ECF Docket No. ("Dkt.") 1. According to the Complaint, in January 2017, defendant Garcetti issued Ordinance # 184590 ("Ordinance"), which Plaintiff alleges is "discriminatory" and "wages war against the homeless through widespread deceit, fraud, misconduct, extortion, and misrepresentations of the Supreme Law of the Land." Id. at 1, 3. Plaintiff alleges that because of the "national economic downturn during the last few years," many individuals have been forced "to make their car their home." Id. Plaintiff alleges the Ordinance targets this "specific group of vulnerable people, forbidding them to park within 500 feet of a park, school, or daycare center at all times, as well as residential streets between 9 PM and 8 AM." Id. at 3. Plaintiff further alleges those targeted by the Ordinance "were promised safe, parking spots, yet no such designated lots or space exist." Id. Plaintiff claims, as a result of the Ordinance, people "are being criminalized, bullied, discriminated against, harassed, displaced, threatened, and thrown into isolated, obscure, unfamiliar, outlying areas of the CITY." Id. Specifically, Plaintiff claims the Ordinance places her, as a single female, "into unimaginable danger and severely limits or denies her access to places essential to her work and well-being." Id.

Plaintiff alleges the Ordinance violates her due process right under the Fifth and Fourteenth Amendments because it deprives her of her "right to be secure in her property" by "destroy[ing] its value" and "restrict[ing] or interrup[ing] its common, necessary or profitable use." Id. at 5. Additionally, Plaintiff alleges the Ordinance infringes upon her right "to travel and park without licensing, registration, etc." Id. at 6. Plaintiff also claims the Ordinance violates her Fourth Amendment right because it "allows government employees to peer through car windows to determine if someone is living therein." Id. Plaintiff additionally

alleges the Ordinances impairs her "freedom to travel and park without licensing, registration, etc." Id. at 6. Lastly, Plaintiff appears to allege a violation under the Fourteenth Amendment's Equal Protection Clause because the Ordinance specifically targets homeless individuals living in their car. Id. at 3, 6.

Plaintiff additionally raises state law claims for (1) fraud because her car does not fall under the definition of "motor vehicle" and thus is not subject to the Ordinance; and (2) extortion because the Ordinance threatens fines and force for "infractions which are not crime and are not arrestable offenses." Id. at 8, 10. Lastly, Plaintiff claims the Ordinance violates Sections 80.07 and 80.10 of the Los Angeles Municipal Code, which require sign postings to inform Los Angeles residents of the Ordinance. Id. at 7-11.

As a result of these claims, Plaintiff seeks injunctive relief and $500,000 in punitive damages. Id. at 13.

### III.
### **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint

4

cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## **DISCUSSION**

**A. PLAINTIFF FAILS TO STATE FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAIMS FOR DEPRIVATION OF PROPERTY AGAINST DEFENDANTS**

**1. Applicable Law**

The Due Process Clause of the Fifth and Fourteenth Amendments guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S.C.A. Const. Amend. V, XIV. "[I]ndividuals must receive notice and an opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48, 114 S. Ct. 492, 126 L. Ed. 2d 490 (1993). There are two types of "per se" takings: (1) permanent physical invasion of the property, Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 426, 102 S. Ct. 3164, 73 L. Ed. 2d 868 (1982); and (2) a deprivation of all economically beneficial use of the property, Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1015–16, 112 S. Ct. 2886, 120 L. Ed. 2d 798 (1992).

**2. Analysis**

Here, Plaintiff appears to allege the Ordinance violates her due process right because it deprives Plaintiff of one of her car's central attributes – namely its function of providing her with shelter. Compl. at 5. However, Plaintiff fails to allege facts that the Ordinance deprives her of "*all* economically beneficial use of the property." See Lucas, 505 U.S. at 1015-16 (emphasis added). Significantly, Plaintiff does not allege the Ordinance prevents Plaintiff from using her car as a

mode of transportation. Thus, Plaintiff has failed to state a Fifth or Fourteenth Amendment deprivation of property claim.

### B. PLAINTIFF FAILS TO STATE AN UNCONSTITUTIONAL INFRINGEMENT ON HER RIGHT TO TRAVEL CLAIM AGAINST DEFENDANTS

#### 1. Applicable Law

The "freedom to travel throughout the United States has long been recognized as a basic right under the Constitution." Dunn v. Blumstein, 405 U.S. 330, 338, 92 S. Ct. 995, 31 L. Ed. 2d 274 (1972) (quoting United States v. Guest, 383 U.S. 745, 758, 86 S. Ct. 1170, 16 L. Ed. 2d 239 (1966)). A state law implicates the right to travel when it actually deters such travel, see, e.g., Shapiro v. Thompson, 394 U.S. 618, 629, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969) (overruled on other grounds), when impeding travel is its primary objective, see Zobel v. Williams, 457 U.S. 55, 62, 102 S. Ct. 2309, 72 L. Ed. 2d 672 (1982); Shapiro, 394 U.S. at 628–31, or when it uses "'any classification which serves to penalize the exercise of that right.'" Dunn, 405 U.S. at 340 (quoting Shapiro, 394 U.S. at 634); Attorney Gen. of N.Y. v. Soto-Lopez, 476 U.S. 898, 903, 106 S. Ct. 2317, 90 L. Ed. 2d 899 (1986). However, there is no "fundamental right to drive" and "burdens on a single mode of transportation do not implicate the right to interstate travel." Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999) (finding that state's requirement drivers provide social security number to obtain a driver's license and subsequent denial of a driver's license to plaintiff because he refused to provide the information number did not violate his constitutional right to travel).

Furthermore, pursuant to their police powers, states have the right to regulate their roads and "the federal government has no constitutional authority to interfere with a state's exercise of its police power except to the extent the state's action intrudes on any of the spheres in which the federal government itself enjoys the power to regulate." United States v. Snyder, 852 F.2d 471, 475 (9th Cir. 1988);

see also Mackey v. Montrym, 443 U.S. 1, 17, 99 S. Ct. 2612, 61 L. Ed. 2d 321 (1979) (holding a state's interest in public safety includes a "paramount interest . . . in preserving the safety of its public highways).

### 2. Analysis

Here, Plaintiff fails to state a claim based on the infringement of her fundamental right to travel. Plaintiff alleges the Ordinance denies her the "freedom to travel and park without licensing, registration, etc." Compl. at 6. However, pursuant to its police powers, states have the authority to regulate their roads, which includes issuing ordinances regulating when and where people may park and requiring individuals drive with the proper licensing. See Snyder, 852 F.2d at 475. Furthermore, Plaintiff has failed to present any facts which show (1) the Ordinance has actually deterred her ability to travel; (2) the primary objective of the Ordinance is to impede travel; or (3) the Ordinance uses "any classification which serves to penalize the right to travel." See Shapiro, 394 U.S. at 629. Rather, Plaintiff has merely alleged a "burden on a single mode of transportation." Miller, 176 F.3d at 1205. Thus, Plaintiff has failed to state a claim for unconstitutional infringement on her right to travel.

## C. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

### 1. Applicable Law

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)). In order to state a Section 1983 equal protection claim, plaintiffs must allege they were treated differently from others who were similarly situated without a rational basis or discriminated against

1 | based on their membership in a protected class.  See Serrano, 345 F.3d at 1082
2 | (requirements for Section 1983 equal protection claim based on membership in
3 | protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir. 2014) (affirming
4 | district court dismissal of inmate's equal protection claim).  "Similarly situated"
5 | persons are those "who are in all relevant aspects alike."  Nordlinger v. Hahn, 505
6 | U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992).

**2. Analysis**

Here, Plaintiff's Equal Protection claim fails.  Plaintiff's Equal Protection claim is premised on the fact that the Ordinance targets and discriminates against homeless individuals.  As a preliminary and general matter, homeless individuals are not a protected class.  See Nails v. Haid, No. SACV 12-0439-GW-SS, 2013 WL 5230689, at *3 (C.D. Cal. Sept. 17, 2013).  To the extent Plaintiff attempts to allege the Ordinance discriminates against homeless *women* specifically, she has failed to provide sufficient facts to state a claim for gender discrimination caused by the Ordinance on its face, or as applied to her and other homeless women.  See Isaacson v. Horne, 716 F.3d 1213, 1231 (9th Cir. 2013) ("[T]he facial versus as-applied distinction is relevant when a claimed statutory defect applies to a sub-category of the people affected by the law, and the court must determine whether that particular sub-category may challenge the statute as a whole, including its application to people who are not similarly situated.").  Because Plaintiff has failed to present facts of how the Ordinance treats her differently than any other similarly situated individuals, Plaintiff's Equal Protection claim must be dismissed.

///
///
///
///
///

8

### D. PLAINTIFF FAILS TO STATE A FOURTH AMENDMENT UNLAWFUL SEARCH AND SEIZURE CLAIM AGAINST DEFENDANTS

#### 1. Applicable Law

The Fourth Amendment prohibits "unreasonable searches and seizures." Heien v. N. Carolina, ___ U.S. ___, 135 S. Ct. 530, 534, 190 L. Ed. 2d 475 (2014). However, "visual observation by a law enforcement officer situated in a place where he has a right to be is not a search within the meaning of the fourth amendment." United States v. Orozco, 590 F.2d 789, 792 (9th Cir. 1979) (quoting United States v. Coplen, 541 F.2d 211, 214 (9th Cir. 1976), cert. denied, 429 U.S. 1073, 97 S. Ct. 810, 50 L. Ed. 2d 791 (1977)). Because anyone walking past a vehicle can generally see inside, there is no reasonable expectation of privacy protected by the Fourth Amendment. See id.; Katz v. United States, 389 U.S. 347, 351-52, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967); United States v. Martinez-Fuerte, 428 U.S. 543, 558, 96 S. Ct. 3074, 49 L. Ed. 2d 1116 (1976) (holding visual inspection of a car does not implicate the Fourth Amendment provided the inspection is "limited to what can be seen without a search").

#### 2. Analysis

Here, Plaintiff's Fourth Amendment unlawful search and seizure claim fails. Plaintiff does not allege police officers actually searched her car. Rather, she simply claims the Ordinance "allows government employees to peer through car windows to determine if someone is living therein" and that employees may "presume the car is someone's home if the windows are obscured in any way." Compl. at 5. Furthermore, Plaintiff implicitly concedes the vehicles are situated on public streets and has failed to allege any facts suggesting government employees were "situated in a place where [they did not have] a right to be." Id. at 3-4; see Orozco, 590 F.2d at 792. Thus, because the alleged searches did not constitute anything more than "visual observation by a law enforcement officer situated in a

place where he has a right to be," Plaintiff has failed to allege a Fourth Amendment claim. See Orozco, 590 F.2d at 792.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all her claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: May 09, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge