UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI CORONA, | Case No. CV 17-2913-VBF (KK) |
| Plaintiff, | |
| v. | FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

This Final Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, Senior United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**SUMMARY OF RECOMMENDATION**

On April 18, 2017, Plaintiff Vicki Corona ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging defendants City of Los Angeles, Eric Garcetti, and Does 1 through 10 ("Defendants") violated her Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff also raised state law claims, as well as violations of Sections 80.07 and 80.10 of the Los Angeles Municipal Code. For the reasons set

forth below, the Court recommends the Complaint be DISMISSED for failure to state a claim and without leave to amend.

## II.
## **PROCEDURAL HISTORY**

On April 18, 2017, Plaintiff filed a Complaint pursuant to Section 1983 against Defendants. ECF Docket No. ("Dkt.") 1.

On May 9, 2017, the Court found the Complaint suffered from numerous deficiencies and dismissed the Complaint with leave to amend for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Order"). Dkt. 7, Order. The Court granted Plaintiff until May 31, 2017 to file a First Amended Complaint ("FAC"). Id.

On June 20, 2017, Plaintiff filed a response to the Court's May 9, 2017 Order ("Response"). Dkt. 10. In the Response, Plaintiff claims she has sufficiently stated a claim against Defendants and expressly declines to file a FAC. See id. at 12.

On July 13, 2017, the Court issued a Report and Recommendation recommending dismissal because Plaintiff expressly declined to file a FAC and, thus, failed to cure any of the deficiencies identified by the Court's June 20, 2017 Order. Dkt. 13.

On July 24, 2017, Plaintiff filed Objections to the Court's Report and Recommendation. Dkt. 15. In the Objections, Plaintiff again argues she has sufficiently stated a claim and, thus, has "found no reason to amend." Id. at 7.

## III.
## **ALLEGATIONS IN THE COMPLAINT**

According to the Complaint, in January 2017, defendant Garcetti issued Ordinance # 184590 ("Ordinance"), which Plaintiff alleges is "discriminatory" and "wages war against the homeless through widespread deceit, fraud, misconduct, extortion, and misrepresentations of the Supreme Law of the Land."

Dkt. 1 at 1, 3. Plaintiff claims that because of the "national economic downturn during the last few years," many individuals have been forced "to make their car their home." Id. Plaintiff alleges the Ordinance targets this "specific group of vulnerable people, forbidding them to park within 500 feet of a park, school, or daycare center at all times, as well as residential streets between 9 PM and 8 AM." Id. at 3. Plaintiff further alleges those targeted by the Ordinance "were promised safe, parking spots, yet no such designated lots or space exist." Id. Plaintiff claims, as a result of the Ordinance, people "are being criminalized, bullied, discriminated against, harassed, displaced, threatened, and thrown into isolated, obscure, unfamiliar, outlying areas of the CITY." Id. Specifically, Plaintiff claims the Ordinance places her, as a single female, "into unimaginable danger and severely limits or denies her access to places essential to her work and well-being." Id.

Plaintiff alleges the Ordinance violates her due process right under the Fifth and Fourteenth Amendments because it deprives her of her "right to be secure in her property" by "destroy[ing] its value" and "restrict[ing] or interrup[ing] its common, necessary or profitable use." Id. at 5. Additionally, Plaintiff alleges the Ordinance infringes upon her right "to travel and park without licensing, registration, etc." Id. at 6. Plaintiff also claims the Ordinance violates her Fourth Amendment right because it "allows government employees to peer through car windows to determine if someone is living therein."[1] Id. Lastly, Plaintiff appears

---

[1] In Plaintiff's Objections, Plaintiff also alleges her car "was confiscated and held for ransom at some point." Id. at 6. Plaintiff, however, failed to include this fact in her original Complaint. Thus, the Court may not consider this fact as it requires looking beyond Plaintiff's original Complaint. Schneider v. California Department of Corrections, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("[I]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss"); Acedo v. DMAX, Ltd., No. CV 15-2443-MMM (ASX), 2015 WL 12912365, at *20 (C.D. Cal. July 31, 2015) (holding that, although newly alleged facts in an opposition to motion to dismiss would likely be sufficient to raise a claim, the claim must be dismissed because the newly alleged facts were not included in the original complaint). Moreover, despite being given an opportunity to amend her complaint, Plaintiff has repeatedly expressed her intent to stand on her original complaint and refused to file an amended complaint. See Dkt. 10 at 12; Dkt. 15 at 7.

to allege a violation under the Fourteenth Amendment's Equal Protection Clause because the Ordinance specifically targets homeless individuals living in their car. Id. at 3, 6.

Plaintiff additionally raises state law claims for (1) fraud because her car does not fall under the definition of "motor vehicle" and thus is not subject to the Ordinance; and (2) extortion because the Ordinance threatens fines and force for "infractions which are not crimes and are not arrestable offenses." Id. at 8, 10. Lastly, Plaintiff claims the Ordinance violates Sections 80.07 and 80.10 of the Los Angeles Municipal Code, which require sign postings to inform Los Angeles residents of the Ordinance. Id. at 7-11.

As a result of these claims, Plaintiff seeks injunctive relief and $500,000 in punitive damages. Id. at 13.

## IV.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint

cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

V.

**DISCUSSION**

**A. PLAINTIFF FAILS TO STATE FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAIMS FOR DEPRIVATION OF PROPERTY AGAINST DEFENDANTS**

**1. Applicable Law**

The Due Process Clause of the Fifth and Fourteenth Amendments guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S.C.A. Const. Amend. V, XIV. "[I]ndividuals must receive notice and an opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48, 114 S. Ct. 492, 126 L. Ed. 2d 490 (1993).

Additionally, under the Fifth Amendment's Taking Clause as applied to the states through the Due Process Clause of the Fourteenth Amendment, "private property [shall not] be taken for public use without just compensation." U.S.C.A. Const. Amend. V. There are two types of "per se" takings: (1) permanent physical invasion of the property, Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 426, 102 S. Ct. 3164, 73 L. Ed. 2d 868 (1982); and (2) a deprivation of all economically beneficial use of the property, Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1015–16, 112 S. Ct. 2886, 120 L. Ed. 2d 798 (1992).

**2. Analysis**

Here, Plaintiff does not allege a permanent physical invasion of her property or a deprivation of her personal property. Instead, Plaintiff appears to allege the Ordinance violates her Fifth and Fourteenth Amendment rights because it deprives her of one of its economically beneficial uses – namely her vehicle's function of

providing her with shelter.  Compl. at 5.  Plaintiff, however, fails to allege facts that the Ordinance deprives her of "*all* economically beneficial use of the property" as required for a Takings Clause claim.  See Lucas, 505 U.S. at 1015-16 (emphasis added).  Significantly, Plaintiff does not allege the Ordinance prevents Plaintiff from using her car as a mode of transportation.  Thus, Plaintiff's Fifth and Fourteenth Amendment deprivation of property claims are subject to dismissal.

## B. PLAINTIFF FAILS TO STATE AN UNCONSTITUTIONAL INFRINGEMENT ON HER RIGHT TO TRAVEL CLAIM AGAINST DEFENDANTS

### 1. Applicable Law

Although not explicitly found in any constitutional provision, the "freedom to travel throughout the United States has long been recognized as a basic right under the Constitution." Dunn v. Blumstein, 405 U.S. 330, 338, 92 S. Ct. 995, 31 L. Ed. 2d 274 (1972) (quoting United States v. Guest, 383 U.S. 745, 758, 86 S. Ct. 1170, 16 L. Ed. 2d 239 (1966)).  A state law implicates the right to travel when (1) the law actually deters such travel, see, e.g., Shapiro v. Thompson, 394 U.S. 618, 629, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969) (overruled on other grounds); (2) when impeding travel is the law's primary objective, see Zobel v. Williams, 457 U.S. 55, 62, 102 S. Ct. 2309, 72 L. Ed. 2d 672 (1982); Shapiro, 394 U.S. at 628–31; or (3) when the law uses "'any classification which serves to penalize the exercise of that right.'"  Dunn, 405 U.S. at 340 (quoting Shapiro, 394 U.S. at 634); Attorney Gen. of N.Y. v. Soto-Lopez, 476 U.S. 898, 903, 106 S. Ct. 2317, 90 L. Ed. 2d 899 (1986); Sanchez v. City of Fresno, 914 F. Supp. 2d 1079, 1109 (E.D. Cal. 2012) (recognizing constitutional right to travel in the context of a challenge to city ordinance).  Nevertheless, there is no "fundamental right to drive" and "burdens on a single mode of transportation do not implicate the right to interstate travel." Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999) (finding state's requirement that drivers provide social security number to obtain a driver's license and

7

subsequent denial of a driver's license to plaintiff because he refused to provide the information number did not violate his constitutional right to travel).

Furthermore, pursuant to their police powers, states and cities have the right to regulate their roads and "the federal government has no constitutional authority to interfere with a state's exercise of its police power except to the extent the state's action intrudes on any of the spheres in which the federal government itself enjoys the power to regulate." United States v. Snyder, 852 F.2d 471, 475 (9th Cir. 1988); see also Mackey v. Montrym, 443 U.S. 1, 17, 99 S. Ct. 2612, 61 L. Ed. 2d 321 (1979) (holding a state's interest in public safety includes a "paramount interest . . . in preserving the safety of its public highways"); Sprint PCS Assets, L.L.C. v. City of Palos Verdes Estates, 583 F.3d 716, 723 (9th Cir. 2009) (noting "city retains power to do 'such things in regard to the streets and the use thereof as were justified in the legitimate exercise of the police power'" (internal citation omitted)).

### 2. Analysis

Here, Plaintiff alleges the Ordinance denies her the "freedom to travel and park without licensing, registration, etc." Compl. at 6. However, pursuant to its police powers, states have the authority to regulate their roads, which includes issuing ordinances regulating when and where people may park and requiring individuals have proper licensing in order to drive. See Snyder, 852 F.2d at 475. Furthermore, Plaintiff has failed to present any facts which show (1) the Ordinance has actually deterred her ability to travel; (2) the primary objective of the Ordinance is to impede travel; or (3) the Ordinance uses "any classification which serves to penalize the right to travel." See Shapiro, 394 U.S. at 629. Rather, Plaintiff has merely alleged a "burden on a single mode of transportation." Miller, 176 F.3d at 1205. Thus, Plaintiff's claim for unconstitutional infringement on her right to travel is subject to dismissal.

## C. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

### 1. Applicable Law

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)). In order to state a Section 1983 equal protection claim, a plaintiff must allege she was discriminated against based on membership in a protected class or treated differently from others who were similarly situated without a rational basis. See Serrano, 345 F.3d at 1082 (requirements for Section 1983 equal protection claim based on membership in protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir. 2014) (affirming district court dismissal of inmate's equal protection claim)[2]. "Similarly situated" persons are those "who are in all relevant aspects alike." Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992).

### 2. Analysis

Here, Plaintiff's Equal Protection claim is premised on the fact that the Ordinance targets and discriminates against homeless individuals. As a preliminary matter, homeless individuals are not a protected class. See Nails v. Haid, No. SACV 12-0439-GW (SS), 2013 WL 5230689, at *3 (C.D. Cal. Sept. 17, 2013). Accordingly, Plaintiff must allege facts to show the Ordinance is not "rationally related to legitimate legislative goals." City of Cleburne, Tex., 473 U.S. at 439.

As it stands, the Ordinance's professed purposes include, among others, addressing unsanitary conditions, noise, and crime, which have resulted when

---

[2] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

9

persons dwell in their vehicles in residential and sensitive areas, and studying "the impacts to health, safety and the physical environment" by allowing vehicle dwelling on public streets in the City. See Ordinance No. 184590. While Plaintiff claims the Ordinance targets homeless individuals and "seeks to victimize, criminalize, and classify all homeless living in their cars," Plaintiff fails to allege any facts to show the Ordinance is premised on a hostile and discriminatory purpose specifically directed at the homeless. See Response at 4. Notably, the Ordinance specifically allows individuals to dwell in the vehicle, provided the vehicle is on "non-residential streets and on streets that do not have a school, pre-school, day care facility or park." See Ordinance No. 184590. Furthermore, Plaintiff has failed to allege any *facts* to show the Ordinance is being applied in a way that specifically targets homeless individuals over those who are not homeless. Cf. Ashbaucher v. City of Arcata, No. CV 08-2840 MHP (NJV), 2010 WL 11211481, at *13 (N.D. Cal. Aug. 19, 2010), report and recommendation adopted, No. C 08-02840 MHP, 2010 WL 11211527 (N.D. Cal. Dec. 1, 2010) (holding allegations that an ordinance is *selectively enforced* against homeless individuals states a plausible claim for relief under the Equal Protection Clause).

Finally, to the extent Plaintiff attempts to allege the Ordinance discriminates against homeless *women* specifically, she has failed to provide sufficient facts to state a claim for gender discrimination caused by the Ordinance on its face, or as applied to her and other homeless women. See Isaacson v. Horne, 716 F.3d 1213, 1231 (9th Cir. 2013) ("[T]he facial versus as-applied distinction is relevant when a claimed statutory defect applies to a sub-category of the people affected by the law, and the court must determine whether that particular sub-category may challenge the statute as a whole, including its application to people who are not similarly situated.").

1       Hence, because Plaintiff has failed to present facts to show how the Ordinance treats her differently than any other similarly situated individuals, Plaintiff's Equal Protection claim is subject to dismissal.

**D. PLAINTIFF FAILS TO STATE A FOURTH AMENDMENT UNLAWFUL SEARCH AND SEIZURE CLAIM AGAINST DEFENDANTS**

**1. Applicable Law**

The Fourth Amendment prohibits "unreasonable searches and seizures." Heien v. N. Carolina, ___ U.S. ___, 135 S. Ct. 530, 534, 190 L. Ed. 2d 475 (2014). However, "visual observation by a law enforcement officer situated in a place where he has a right to be is not a search within the meaning of the fourth amendment." United States v. Orozco, 590 F.2d 789, 792 (9th Cir. 1979) (quoting United States v. Coplen, 541 F.2d 211, 214 (9th Cir. 1976), cert. denied, 429 U.S. 1073, 97 S. Ct. 810, 50 L. Ed. 2d 791 (1977)). Because anyone walking past a vehicle can generally see inside, there is no reasonable expectation of privacy protected by the Fourth Amendment. See id.; Katz v. United States, 389 U.S. 347, 351-52, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967); United States v. Martinez-Fuerte, 428 U.S. 543, 558, 96 S. Ct. 3074, 49 L. Ed. 2d 1116 (1976) (holding visual inspection of a car does not implicate the Fourth Amendment provided the inspection is "limited to what can be seen without a search").

**2. Analysis**

Here, Plaintiff does not allege police officers actually searched her car. Rather, she simply claims the Ordinance "allows government employees to peer through car windows to determine if someone is living therein" and that employees may "presume the car is someone's home if the windows are obscured in any way." Compl. at 5. Furthermore, Plaintiff implicitly concedes her vehicle is situated on public streets and has failed to allege any facts suggesting government employees were "situated in a place where [they did not have] a right to be." Id. at

11

3-4; see Orozco, 590 F.2d at 792. Thus, because the alleged searches did not constitute anything more than "visual observation by a law enforcement officer situated in a place where he has a right to be," Plaintiff's Fourth Amendment claim is subject to dismissal. See Orozco, 590 F.2d at 792.

## E. PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIM AGAINST DEFENDANTS[3]

### 1. Applicable Law

The Eighth Amendment's prohibition against cruel and unusual punishment "imposes substantive limits on what can be made criminal and punished as such." Ingraham v. Wright, 430 U.S. 651, 667-68, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977). Accordingly, "laws criminalizing an individual's status, rather than specific conduct, are unconstitutional." Cobine v. City of Eureka, No. C 16-02239 JSW, 2016 WL 1730084, at *5 (N.D. Cal. May 2, 2016) (citing Robinson v. California, 370 U.S. 660, 666-67 (1962)). Specifically, courts have found a plaintiff, who is homeless, may state a valid Eighth Amendment claim for laws that punish involuntary conduct that is "an unavoidable consequence of being human and homeless without any available shelter." Cobine, 2017 WL 1488464, at *4 (citing Jones v. City of Los Angeles, 444 F.3d 1118, 1138 (9th Cir. 2006), vacated, 505 F.3d 1006 (9th Cir. 2007)) (holding an ordinance prohibiting public camping violates the Eighth Amendment if the court determines (1) the homeless have no choice but to sleep in public spaces because, for example, there is insufficient shelter space; and

---

[3] In her Response, Plaintiff raises an Eighth Amendment cruel and unusual punishment claim, which was not included in her original Complaint. Resp. at 5. However, as Plaintiff has expressly declined to file a FAC and because Plaintiff's Eighth Amendment claim appears to be futile, the Court recommends dismissing the claim without leave to amend. See id. at 12; Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (holding a court may deny leave to amend if permitting an amendment would result in futility for lack of merit).

(2) enforcement of the ordinance penalizes the homeless for engaging in innocent activity and effectively criminalizes the status of being homeless).

### 2. Analysis

Here, Plaintiff argues the Ordinance makes "it a crime for homeless people to sleep in safer places when none of the promised parking spaces have been provided and when there is insufficient shelter space, and when no crime has been committed." Resp. at 5. Plaintiff, however, has failed to state an Eighth Amendment claim because the Ordinance (1) targets "conduct" – namely vehicle-dwelling in particular areas - as opposed to an individual's "status"; and (2) does not punish involuntary conduct that is "an avoidable consequence of being human and homeless" because the Ordinance leaves all people who dwell in their cars the option of parking on public roads. See Cobine, 2017 WL 1488464, at *4-*5. Thus, Plaintiff's Eighth Amendment claim is subject to dismissal.

## F. THE COURT DECLINES TO EXERCISE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

The Court has original jurisdiction solely over Plaintiff's federal law claims brought under Section 1983, which should be dismissed for the reasons set forth above. "Where a district court dismisses every claim over which it had original jurisdiction, it retains pure discretion in deciding whether to exercise supplemental jurisdiction over the remaining claims." Lacey v. Maricopa County, 649 F.3d 1118, 1137 (9th Cir. 2011) (internal citation, alterations, and quotation marks omitted); see also 28 U.S.C. § 1367(c). Thus, because Plaintiff's federal law claims should be dismissed the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's state law claims are dismissed for lack of jurisdiction.

///
///
///

## G. THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

As discussed in Section V.A.-E., Plaintiff fails to state a Section 1983 claim against Defendants. In the Court's May 9, 2017 Order, the Court informed Plaintiff of the Complaint's deficiencies and provided her with an opportunity to "attempt to cure the deficiencies." Dkt. 7 at 10. Despite this option, Plaintiff objected to the Court's findings and expressly declined to file a FAC. See Dkt. 10 at 12. Thus, because the Court provided Plaintiff with "adequate opportunity to amend [her] defective complaint," Plaintiff's Complaint should be dismissed without leave to amend. Miller v. Williams, 976 F.2d 737 (9th Cir. 1992).

## VI.
## RECOMMENDATION

IT IS THEREFORE RECOMMENDED the District Court issue an Order: (1) accepting this Final Report and Recommendation; and (2) directing Judgement be entered dismissing Plaintiff's (a) federal claims without prejudice[4], and (b) state law claims without prejudice.

Dated: August 10, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

---

[4] While the Court has granted Plaintiff an opportunity to amend her Complaint, she has repeatedly refused to amend and chooses instead to stand on her deficient claims. In light of Plaintiff's pro se status and out of an abundance of caution, however, the Court recommends dismissing both federal and state law claims without prejudice. See Oliver v. Michaud, No. 16CV53-LAB (JLB), 2016 WL 3552045, at *3 (S.D. Cal. June 30, 2016) (dismissing "without prejudice, but without leave to amend" even after plaintiff's "latest filing ma[de] clear he does not intend to obey" the court's "order requiring him to file an amended complaint, [and] even after being warned that failure to do so would result in dismissal").